## SETTLEMENT AGREEMENT

### I.   PARTIES

This Settlement Agreement (Agreement) is entered into among the United States of America, acting through the United States Attorney's Office for the Southern District of Iowa; and by Timothy Schultheis as the Relator on behalf of the United States of America (collectively the "United States"), the State of Iowa, acting through the Iowa Attorney General's office, the Iowa Department of Inspections & Appeals, and the Iowa Medicaid Fraud Control Unit; and the City of Clinton, Iowa (all of the foregoing hereafter referred to as "the Parties"), through their authorized representatives.

### II.   PREAMBLE

A.   On September 19, 2008, Relator Timothy Schultheis filed a *Qui Tam* lawsuit on behalf of the United States against the City of Clinton, Iowa in the United States District Court for the Southern District of Iowa, captioned *United States of America ex rel. Timothy C. Schultheis, Relator v. The City of Clinton, Iowa*, Civil Case No. 3:08 cv 120 (hereinafter "the Civil Action"). The City of Clinton filed an answer denying the claims set forth in the Complaint. On September 10, 2009, the United States declined to intervene in this action.

B.   In his Complaint, Relator alleged that the City of Clinton, Iowa violated the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, for the statutory period of six years, to wit, September 19, 2002 through the present (hereinafter the "Covered Conduct"), by knowingly presenting or causing to be presented false or fraudulent claims, for payment to

1

Exhibit 1

the Medicare program, 42 U.S.C. §§ 1395-1395ggg and the Medicaid program, 42 U.S.C. §§ 1396-1396u. The Relator alleges that the City of Clinton knowingly, deliberately or recklessly submitted all claims for ambulance and emergency medical services to Medicare and Medicaid classified as Advanced Life Support Level 1 Emergency services despite the fact that certain claims should have been classified as Basic Life Support services; by changing codes despite the fact no ALS-1 ER level interventions or assessments were required; by submitting claims for payment for ambulance and emergency medical services to Medicare or Medicaid at the ALS level in order to improperly receive a higher reimbursement from Medicare or Medicaid for each claim; for receiving ALS reimbursement from Medicare or Medicaid on the false claims that should have been paid at the lower BLS level; by knowingly or acting with deliberate or reckless indifference to the truth, through its employees and agents, submitted false claims. More specific allegations are contained in the body of the Complaint.

    C.    The City of Clinton denies the Relator's allegations.

    D.    This Agreement is not an acknowledgement, admission or concession by any of the Parties of any liability, wrongdoing, legal compliance or noncompliance, or of the validity or non-validity of any of Relator's allegations.

    E.    To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the Civil Action, and in consideration of the monies that the City of Clinton, Iowa agrees to pay and the releases the Parties agree to provide, the Parties reach a full and final settlement pursuant to the Terms and Conditions below.

2

### III. TERMS AND CONDITIONS

1. (A). The City of Clinton agrees to pay to the United States the sum of $4,500,000.00 ($4.5 million) (the "Settlement Amount") in ten (10) equal yearly amounts, with no interest, pursuant to instructions by the United States Attorney's Office for the Southern District of Iowa. The first payment shall be due on or before October 1, 2010 and all subsequent payments on or before the first of October thereafter.

   (B). Contingent upon the United States receiving the payment, as soon as feasible after receipt, thirty percent (30%) of the amount received will be payable to Timothy Schultheis and Nyemaster Goode, P.C. as the Relator's share of the proceeds.

   (C). This settlement shall be contingent upon the written approval of the United States, the United States District Court for the Southern District of Iowa, and the Clinton City Council as soon as feasible, but in no event longer than 30 calendar days after the execution of this document by the Relator.

   (D). The City of Clinton understands and agrees that it may not charge back to the Government, directly or indirectly, any of the costs or expenses of this litigation.

2. Subject to the exceptions in Paragraph 5 below, in consideration of the obligations of the City of Clinton set forth in this Agreement, and conditioned upon the full payment by the City of Clinton, Iowa, the United States (on behalf of itself, its officers, agents, agencies, and departments) agrees to release the City of Clinton, its elected officials, employees, and representatives from any civil or administrative monetary claim the United States has or may have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729 et seq.; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; or the common law theories of breach of contract, payment by mistake, unjust enrichment and common law fraud. This release does not affect any claims arising under this Agreement.

3

3.  Subject to the exceptions in Paragraphs 5 below, in consideration of the obligations of the City of Clinton set forth in this Agreement, and conditioned upon the full payment by the City of Clinton, Iowa, the State of Iowa (on behalf of itself, its officers, agents, agencies, and departments) agrees to release the City of Clinton, its elected officials, employees, and representatives from any civil or administrative monetary claim the State of Iowa has or may have for the Covered Conduct under the Federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.*; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Iowa False Claims Act, Iowa Code Chapter 685; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; or the common law theories of breach of contract, payment by mistake, unjust enrichment and common law fraud. This release does not affect any claims arising under this Agreement.

4.  In consideration of the obligations of the City of Clinton in this Agreement, conditioned upon the full payment of the Settlement Amount, the Relator, for himself and for anyone that may claim through him (including their heirs, successors, attorneys, agents, and assigns), agrees to release the City of Clinton, its elected officials, employees, and representatives from any civil monetary claim including, but not limited to, claims related to the Covered Conduct or the allegations in any of Relator's complaints, and from any other liability to Relator arising from the filing of the Civil Action. Additionally, in consideration of the obligations of the City of Clinton in this Agreement, and conditioned upon the full payment of the Settlement Amount, Relator, for himself and for anyone that may claim through him (including his heirs, successors, attorneys, agents, and assigns), agrees to completely release and forever discharge the City of Clinton, its elected officials, employees and representatives from any and all claims, demands, obligations, actions, causes of action, class claims, rights and damages, costs, losses of services, expenses and compensation of any nature whatsoever that Relator may have or that derive or are based on any claims Relator may have, whether based on a tort, contract or other theory of recovery, which Relator or anyone claiming through him

4

(including their heirs, successors, attorneys, agents, and assigns) now have, have ever had, or hereafter may have against the City of Clinton, its elected officials, employees or representatives based upon events occurring prior to the date of the execution of this Agreement, including, but not limited to, any *Qui Tam* claims under federal or state law. This release does not affect any claims arising under this Agreement or the Relator's receipt of disability benefits pursuant to Chapter 411 of the Iowa Code.

5. Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of any release by the United States and the State of Iowa in this Agreement as to any entity or person (including the City of Clinton and the Relator) are the following claims of the United States:

    a. Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as explicitly stated in Paragraph 2 of this Agreement, any administrative liability, including suspension or exclusion from Federal or State health care programs;

    d. Any liability to the United States or the State of Iowa, or their agencies, for any conduct other than the Covered Conduct;

    e. Any liability based upon such obligations as are created by this Agreement.

6. Relator and his heirs, successors, attorneys, agents, and assigns agree not to object to this Agreement and agree and confirm that this Agreement is fair, adequate, and reasonable under all circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B), and, conditioned upon receipt of Relator's Share, Relator, for himself individually and for his heirs, successors, agents and assigns, fully and finally releases, waives, and forever discharges the United States, its officers,

5

agents, and employees, from any claims arising from the filing of the Civil Action, including but not limited to any claims arising from or relating to 31 U.S.C. § 3730 or any other claims for a share of the Settlement Amount; and in full settlement of any claims Relator may have under this Agreement. This Agreement does not resolve or in any manner affect any claims the United States has or may have against the Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims arising under this Agreement.

7. Conditioned upon receipt of the payments described above, Relator, for himself, and for his heirs, successors, attorneys, agents, and assigns, agree to release the City of Clinton, its elected officials, employees and representatives from any liability to Relator for expenses or attorney's fees and costs arising from the filing of the Civil Action or under 31 U.S.C. § 3730(d) with respect to the Civil Action.

8. The City of Clinton, Iowa fully and finally releases the United States, its agencies, employees, servants, and agents from any claims arising from the Covered Conduct and the United States' investigation thereof (including attorney's fees, costs, and expenses of every kind and however denominated) which it has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents.

9. The City of Clinton, Iowa fully and finally releases the State of Iowa, its agencies, employees, servants, and agents from any claims arising from the Covered Conduct and the State of Iowa's investigation thereof (including attorney's fees, costs, and expenses of every kind and however denominated) which it has asserted, could have asserted, or may assert in the future against the State of Iowa, its agencies, employees, servants, and agents.

10. The City of Clinton, Iowa and its elected officials, employees and representatives

6

fully and finally release Relator from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) demands, obligations, actions, causes of action, rights and damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract, or other theory of recovery, which the City of Clinton or its elected officials, employees or representatives now has, has ever had, or hereafter may have against Relator based upon events occurring prior to the date of the execution of this Agreement. The release by the City of Clinton, Iowa and its elected officials, employees and representatives in the preceding sentence shall also apply to the Relator's attorneys, and Relator's attorneys' respective heirs, successors, agents, and assigns to the extent any claim, demand, obligation, action, cause of action, right or damage, cost, loss of service, expense and/or compensation (a) arises out of the conduct and/or representation of the Relator and (b) is based upon events occurring prior to the date of the execution of this Agreement. This release does not affect any claims arising under this Agreement executed in connection with this settlement.

11.   Except as expressly provided to the contrary in this Agreement, each Party shall bear his, her, or its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

12.   This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity.

13.   The City of Clinton, Iowa will do everything required to comply with the Open Records requirements of this Agreement.

14.   Relator Timothy Schultheis, his successors, transferees and assigns hereby agrees to not to mention, discuss or in any way disclose the allegations of the civil lawsuit or

7

the settlement reached by the parties, except that he may state the following: a Complaint against the City of Clinton, Iowa, was filed on behalf of the United States alleging the City of Clinton violated 31 U.S.C. § 3729 et seq. The City of Clinton denied the claims. The parties have resolved the case whereby Timothy Schulthels received a statutory percentage of the recovery for his efforts in recovering the funds for the government.

15. All discovery responses and discovery materials exchanged in the case shall remain in the sole possession of the attorneys for the parties and shall not be disseminated except upon order of the Court.

16. The United States and the State of Iowa reserve the right to require the City of Clinton to further train or educate its employees.

17. The City of Clinton, Iowa represents that this Agreement is freely and voluntarily entered into by the City of Clinton, Iowa upon full approval by the City Council, without any degree of duress or compulsion whatsoever.

18. Relator represents that this Agreement is freely and voluntarily entered into by Relator without any degree of duress or compulsion whatsoever.

19. This Agreement is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement shall be the United States District Court for the Southern District of Iowa.

20. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

21. This Agreement constitutes the complete agreement between the Parties. This

8

Agreement may not be amended except by written consent of the Parties to the respective agreements.

22. Upon receipt of the execution of this Agreement by the parties, Relator and the United States shall promptly sign and file in the Civil Action a Motion to Dismiss with prejudice as to the Relator and with prejudice as to the United States, except for rights and claims of the United States reserved in this Agreement.

23. The individuals signing this Agreement on behalf of the City of Clinton, Iowa represent and warrant that they are authorized by the City of Clinton, Iowa to execute this Agreement. The individuals signing this Agreement on behalf of the Relator represent and warrant that they are authorized by Relator to execute this Agreement. The United States signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement. The State of Iowa signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

24. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

25. This Agreement is binding upon the successors, transferees and assigns of the Relator, the City of Clinton, Iowa, the State of Iowa and the United States.

26. This Agreement is effective on the date of the signature of the last signatory to the Agreement ("Effective Date" of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

27. The City of Clinton, through its employees, representatives, legal counsel, and

9

elected officials, may discuss, present discovery responses, and/or present evidence of the underlying facts and circumstances alleged in the Complaint in any administrative hearing or court proceeding or as otherwise ordered by any administrative agency or court.

_____  8/27/2010
Timothy Schulthels, Individually and as Relator    Date

_____  8/27/2010
Benjamin Roach, Attorney for Timothy    Date
Schulthels

_____  9/14/2010
Jeffrey Horne, City Administrator for the City of    Date
Clinton

_____  9/16/10
Nicholas Klinefeldt, United States Attorney on    Date
behalf of the United States Government

Julie Lovelady _____  9-7-10
~~Patti Ernst-Baker, Medicaid Program Integrity~~    Date
~~Director for the State of Iowa Medicaid Enterprise~~
Asst. Medicaid Director

_____  9-7-2010
Rod Reynolds, Assistant Attorney General    Date
for the Office of the State of Iowa
Office of the Attorney General

_____  8-27-10
John Judisch, Director of Medicaid Fraud    Date
Control Unit for the State of Iowa
Department of Inspections & Appeals
Medicaid Fraud Control Unit

10